IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **PAUL L. HAWKINS #366212,** ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 3:16-CV-00901 |
| v. ) | |
| ) | Judge Trauger |
| **TODD THOMAS,** ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM

Before the court is petitioner Paul L. Hawkins's Petition for Writ of Habeas Corpus (ECF No. 1) under 28 U.S.C. § 2241, in which the petitioner alleges that he is confined in the Metro-Davidson County Detention Facility in the absence of due process and in violation of his constitutional rights. The petitioner seeks a declaration that his detention is illegal and in violation of the United States Constitution. The respondent has filed a motion to dismiss and memorandum in support (ECF Nos. 16, 17), to which the petitioner has responded (ECF Nos. 18, 19), and the matter is ripe for review.

## I. THE HABEAS PETITION

In his petition and brief in support (ECF Nos. 1, 3), Hawkins alleges that he is being held in the custody of the Davidson County Sheriff's Office, and that there are no lawful grounds for his detention. More specifically, he alleges that: (1) his right to due process was violated on September 2, 2015, when his appointed counsel refused to present his alibi evidence at his preliminary hearing on a criminal charge in connection with a stabbing for which he had been arrested; (2) his right to due process was violated when the prosecution knowingly allowed the victim to give false testimony at the preliminary hearing; (3) his right to due process was violated when the state failed to provide him with a transcript of the preliminary hearing; (4) the parole

board revoked his parole without a factual basis; and (5) his right to due process was violated by police investigators' failure to get DNA analysis of crime scene evidence.

## II. WARDEN THOMAS'S RESPONSE

In lieu of an answer, Warden Thomas filed a motion to dismiss the petition on the basis that the claims asserted are non-cognizable, unexhausted and/or meritless. Specifically, the respondent asserts in his memorandum that: (1) the petitioner's Claim 1 presents a non-cognizable state law claim because there is no federal constitutional right to a preliminary hearing and claims alleging constitutional violations during preliminary proceedings are generally not cognizable on federal habeas review; (2) Claim 2 is without merit because the petitioner has not established that the victim's testimony is false or that the prosecution knew it was false; (3) Claim 3 is without merit because the petitioner has acknowledged his attorney's receipt of a recording of the preliminary hearing; (4) Claim 4 is unexhausted, as the petitioner's parole revocation is the subject of a pending administrative appeal; and (5) Claim 5 concerns preliminary proceedings not cognizable on federal habeas review, as defendants have no federal constitutional right to DNA analysis.

## III. DISCUSSION

### A. Procedural Requirements

Under 28 U.S.C. § 2241(c)(3), federal courts may grant habeas relief on claims by a state pretrial detainee if he is in custody in violation of the Constitution or laws or treaties of the United States. *Phillips v. Hamilton Cnty. Ct. of Common Pleas*, 668 F.3d 804, 809 (6th Cir. 2012). However, even while granting relief to a pretrial detainee under § 2241, the Supreme Court has cautioned that "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court," and explained that

> Early federal intervention in state criminal proceedings would tend to remove federal questions from the state courts, isolate those courts from constitutional issues, and thereby remove their understanding of and hospitality to federally protected interests. [Exhaustion doctrine] preserves orderly administration of state judicial business, preventing the interruption of state adjudication by federal habeas proceedings.

*Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489, 490 (1973) (quoting Note, Developments in the Law–Federal Habeas Corpus, 83 Harv. L. Rev. 1038, 1094 (1970)). The court thus found that the district court had properly granted relief on a fully exhausted speedy trial claim, but "emphasize[d] that nothing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court," and rejected the notion that its decision would "convert[] federal habeas corpus into 'a pretrial-motion forum for state prisoners.'" *Id.* at 493.

Likewise, the Sixth Circuit has observed that exercise of the court's power under § 2241 should be limited:

> [A]lthough § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner. Abstention from the exercise of the habeas corpus jurisdiction is justified by the doctrine of comity, a recognition of the concurrent jurisdiction created by our federal system of government in the separate state and national sovereignties. Intrusion into state proceedings already underway is warranted only in extraordinary circumstances.

*Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981) (internal citations omitted). Indeed, federal courts have generally recognized that the "Younger abstention doctrine," arising from *Younger v. Harris*, 401 U.S. 37 (1971), applies to petitions for the writ of habeas corpus. *See, e.g., In re Justices of Superior Ct. Dep't of Mass. Tr. Ct.*, 218 F.3d 11, 17–18 (1st Cir. 2000) (applying abstention principles to pretrial habeas petition); *Davis v. Lansing*, 851 F.2d 72, 76 (2d Cir. 1988) (affirming dismissal of pretrial habeas petition on abstention grounds). The Younger abstention doctrine requires a federal court to abstain from interfering with pending state civil or

criminal proceedings involving important state interests, absent extraordinary circumstances. *Younger*, 401 U.S. at 44; *see Jones v. Perkins*, 245 U.S. 390, 391–92 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."). *Younger* abstention is generally appropriate when three requirements are met: (1) there is an on-going state judicial proceeding; (2) the proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceeding to raise constitutional challenges. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). When these factors are present, abstention is appropriate unless intervention is "absolutely necessary for protection of constitutional rights" and, without federal court intervention, "the danger of irreparable loss is both great and immediate." *Younger*, 401 U.S. at 45 (*quoting Fenner v. Boykin*, 271 U.S. 240, 242–43 (1926)).

Unlike exhaustion under 28 U.S.C. § 2254, exhaustion under § 2241 is not a statutory requirement. *Compare* 28 U.S.C. § 2254(b)(1)(A), with *id.* § 2241. Nevertheless, the Sixth Circuit has recognized that, "in the § 2241 context, 'decisional law has superimposed such a requirement in order to accommodate principles of federalism.'" *Phillips*, 668 F.3d at 810 n. 4 (quoting *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976)). Thus, even those habeas petitioners proceeding under § 2241 "must exhaust all available state court remedies before proceeding in federal court, and this usually requires that they appeal an adverse decision all the way to the state's court of last resort."[1] *Phillips*, 668 F.3d at 810 (citing *Klein v. Leis*, 548 F.3d 425, 429 n. 2 (6th Cir. 2008)). The requirement of exhaustion "has developed to protect the state courts' opportunity to confront initially and resolve constitutional

---

[1] The only regularly recognized exceptions to the complete-exhaustion rule for § 2241 petitions brought by pretrial detainees are for claims that a prosecution violates the Double Jeopardy Clause, *see, e.g., Phillips*, 668 F.3d at 810–11, or where a petitioner claims that his right to a speedy trial has been violated, and the requested relief is an immediate trial. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484 (1973); *Atkins*, 644 F.2d at 546–47. Neither circumstance applies here.

issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins*, 644 F.2d at 546 (citations omitted).

Courts in this circuit have distilled these doctrines into a rule that "[p]rinciples of comity and federalism require federal courts to abstain from deciding pre-conviction habeas challenges unless the petitioner demonstrates that: (1) he has exhausted available state court remedies, and (2) "special circumstances" warrant federal intervention." *Brown v. Bolton*, No. 3:09-cv-P513-S, 2010 WL 1408014 (W.D. Ky. April 1, 2010); *Moore v. Federspiel*, No. 2:09-CV-12673, 2009 WL 2170168, at *1 (E.D. Mich. July 20, 2009); accord *Carstarphen v. Camden Cnty Corr. Facility Warden*, No. 14-4596 (D. N.J. Sept. 19, 2014) ("where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its 'pre-trial' habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies").

**B. Analysis**

The petitioner here does not allege that he exhausted his state-court remedies. In fact, he acknowledges that his administrative appeal of his parole revocation "on the grounds of the revocation hearing officer not establishing that there existed a factual basis" – the same allegation he makes to support Claim 4 – is still pending. (ECF No. 19, at 13; ECF No. 1, at 8.) Even if the administrative appeal is ultimately denied, the petitioner will not have exhausted any claim arising from his parole revocation until he pursues a common law writ of certiorari in state court pursuant to Tenn. Code Ann. § 27–9–101, *et seq.* and appeals any adverse decision by the court. *See Hill v. Qualls*, No. 3:13-CV-00099, 2013 WL 1666740, at *4 (M.D. Tenn. Apr. 17, 2013) (citing *Baldwin v. Tenn. Bd. of Paroles*, 125 S.W.3d 429, 433 (Tenn. Ct. App. 2003)).

In response to the motion to dismiss, the petitioner asserts in essence that he did not

learn of an additional basis for appealing his parole revocation (the alleged dishonest testimony of police officers at his revocation hearing) until after his administrative appeal deadline, so he has cause for defaulting that claim. But the petitioner cannot establish the actual prejudice required, in addition to cause, to overcome procedural default, *see Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (requiring petitioner to demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law" to overcome default), because he acknowledges that he pleaded guilty to at least one parole violation that would have warranted revocation regardless of the other facts that he disputes. (ECF No. 3, at 11.)

With regard to his claims arising from his pending criminal prosecution,[2] the petitioner alleges that he has filed *pro se* pretrial motions in state court "for full and fair evidentiary hearing," but he does not allege that he presented the state court with his federal constitutional claims or that he has moved to quash or dismiss, much less appealed the denial of such motions. Another district court in this circuit dismissed a similar § 2241 petition in *Brown v. Bolton*, No. 3:09-cv-P513-S, 2010 WL 1409014 (W.D. Ky. April 1, 2010). Brown alleged that he had been given no probable cause hearing at all, that the prosecution had introduced perjured testimony to get an indictment, and that he was being prosecuted despite proof of an alibi. *Id.* at *1. The court observed that Brown had filed a petition in the trial court, but had not presented his claims to the state appellate courts, and that he did not assert any special circumstances warranting early intervention. *Id.* at *1–2. Thus, because Brown "can still present any constitutional claims to the state courts on direct appeal should he be convicted," the court found that his petition must be dismissed as premature. *Id.* at *2. Other courts in this circuit have also dismissed similar claims. *See, e.g., Rhone v. Napoleon*, No. 13-14529, 2014 WL

---

[2] In light of the fact that the petitioner's parole from a previous sentence has been revoked, and he would presumably be incarcerated on that basis anyway, it is not entirely clear that he satisfies the requirement that he be "in custody" for the purpose of pursuing habeas relief on any claims arising from his pending criminal prosecution. *See Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (court lacks jurisdiction to consider petition filed when petitioner is not "in custody" due to the alleged constitutional violations). However, the other bases for denying relief on those claims make it unnecessary to resolve that issue.

117420 (E.D. Mich. Jan. 13, 2014) (dismissing for failure to exhaust pretrial § 2241 claim of false and perjured testimony at preliminary hearing); *Elder v. Ohio*, No. 1:13cv1348, 2013 WL 3864822 (N.D. Ohio July 24, 2013) (dismissing for failure to exhaust § 2241 claims including pretrial "violation of probable cause" and "violations of due process"); *Erby v. Oldham*, No. 11-2177-STA, 2011 WL 5827244 (W.D. Tenn. Nov. 18, 2011) (dismissing for failure to exhaust § 2241 claims of deficiencies in pretrial proceedings). In fact, less than a year ago this court dismissed a § 2241 petition that alleged, *inter alia*, pretrial detention without probable cause, finding that the ongoing state prosecution was an important state interest that warranted federal abstention. *Williams v. Hall*, No. 3:12-cv-1011, 2016 WL 521534 (M.D. Tenn. Feb. 5, 2016). Because the petitioner has "an adequate opportunity to raise his constitutional challenges prior to his trial, and on appeal," the court dismissed the petition without prejudice. *Id.* at *2.

Hawkins is likewise involved in an ongoing state proceeding that implicates Tennessee's important interest in adjudicating alleged criminal conduct. Hawkins has the ability to exhaust his state-court remedies by filing appropriate pretrial motions, and by appealing the issue if his motions are rejected and he is convicted. Moreover, Hawkins does not allege the existence of extraordinary circumstances or offer any evidence that any of the exceptions to the Younger abstention doctrine are applicable. If there are any flaws in the state's case against Hawkins, he will (or did) have ample opportunity to address them in his state trial and, if necessary, in state appellate and post-conviction proceedings. A collateral federal proceeding is not the proper means to raise a defense from prosecution, such as a lack of probable cause. *See Ferguson v. Gilliam*, No. 91-5814, 946 F.2d 894 (6th Cir. Oct. 11, 1991) (unpublished) (affirming dismissal of pretrial § 2241 petition by federal detainee alleging arrest without probable cause and violations of Fourth Amendment); *see also Atkins v. People of State of Mich.*, 644 F.2d 543, 549 (6th Cir. 1981) (citing *Gully v. Kunzman*, 592 F.2d 283, 287–88 (6th Cir. 1979)) ("questions of due process . . . usually may not be considered by way of pretrial habeas corpus"). Thus, abstention

from the exercise of jurisdiction is warranted in this case.

## IV. CONCLUSION

Dismissal of the petition is appropriate both on the grounds that the petitioner failed to exhaust his state-court remedies and that the petitioner has failed to show the existence of extraordinary circumstances to overcome the presumption that the federal court should not interfere with pending state criminal proceedings. Therefore, the respondent's motion will be granted, and the petition will be dismissed, without prejudice to the petitioner's ability to bring his claims in a timely petition under 28 U.S.C. § 2254 after exhausting his state remedies.

An appropriate order is filed herewith.

_____
Aleta A. Trauger
United States District Judge